Rayminh L. Ngo, Esq.,
SDNY #rn4834
HIGBEE & ASSOCIATES (Of Counsel)
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
rngo@higbeeassociates.com

*Attorney for Plaintiff,*
CHRISTOPHER SADOWSKI,

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNA BOWLING, AN INDIVIDUAL D/B/A/ TIMES SQUARE CHRONICLES; DAVID BASCH, AN INDIVIDUAL D/B/A/ TIMES SQUARE CHRONICLES,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Christopher Sadowski, for his Complaint against Suzanna Bowling, an individual d/b/a/ Times Square Chronicles; and David Basch, an individual d/b/a/ Times Square Chronicles, Defendants, alleges as follows:

//

//

## INTRODUCTION

1. Christopher Sadowski (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Suzanna Bowling, an individual d/b/a/ Times Square Chronicles; and David Basch, an individual d/b/a/ Times Square Chronicles, (hereinafter "Defendants"), with regard to the unlawful use of Plaintiff's copyrighted images (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants(s) named in this caption.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendants violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has personal jurisdiction over Defendants because Defendants are individuals residing within the State of New York, Defendants' acts of infringement complained of herein occurred in the State of New York, and

//

Defendants caused injury to Plaintiff in his intellectual property within the State of New York.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants committed the acts of infringement, and has a regular and established place of business in this judicial district.

## PARTIES

6. Plaintiff is a natural person residing in the City of Hawthorne in the State of New Jersey.

7. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants, Suzanna Bowling, an individual d/b/a/ Times Square Chronicles; and David Basch, an individual d/b/a/ Times Square Chronicles individuals residing in the City of New York, in the State of New York, and conducted business within the City of New York, in the State of New York.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was an individual residing in the City of Hawthorne in the State of New Jersey.

//

//

10.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants were individuals conducting business at 461 West 49th Street #A, City of New York in the State of New York.

11.     Plaintiff is a professional photographer by trade. Plaintiff is regularly contracted to take photographs for organizations such as the New York Post. His photographs appear in numerous news publications, magazines, books, television programs and other media. He sells or licenses photography to people and companies seeking to make use of the photographs for editorials, advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

12.     Plaintiff took the Original three (3) Images – one (1) "woman with dogs" Image, and an Image of each of the two (2) alleged suspects in a marijuana-related stabbing. *See* Original Images attached hereto as Exhibit A.

13.     Plaintiff has ownership and copyright of the Images.

14.     Plaintiff has registered the Images with the United States Copyright Office under Registration Numbers VA 2-019-490 and VA 2-026-489.

15.     Plaintiff has provided notice to Defendants that the Images are subject to copyright and to cease use of the Images.

16.     Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Images by Defendants.

17. Plaintiff licensed the "woman holding dogs" Image to The New York Post. On September 23, 2016, The New York Post, through its subsidiary www.pagesix.com, ran an article that featured the Image on its web edition entitled, *Some of the most important things people need in life* at http://pagesix.com/2013/09/26/some-of-the-most-important-things-people-need-in-life/. *See* Original NY Post Article Screenshot, a copy of which is attached hereto as Exhibit B.

18. Plaintiff licensed the "marijuana stabbing suspects" Images to The New York Post. On December 19, 2016, The New York Post ran an article that featured the Image on its web edition entitled, *Police arrest young couple after Times Square stabbing* at http://nypost.com/2016/12/19/police-nab-times-square-stabbing-suspect/. *See* Original NY Post Article Screenshot, a copy of which is attached hereto as Exhibit C.

19. Plaintiff is informed and believes that Defendants used the "woman with dogs" Image on its business website (http://t2conline.com/blessing-to-the-animals/) from as early as December 14, 2015 until present, and the "marijuana stabbing suspects" Images on its business website (http://t2conline.com/marijuana-deal-gone-bad-caused-the-stabbings/) from as early as December 20, 2016 until present. *See* Screenshots of Defendants' use, attached hereto as Exhibit D.

20. Defendants publish and operate the commercial Internet website www.t2conline.com (the Website). The Website recites that it is owned by Ms.

Suzanna Bowling and Mr. David Basch and that it is "the go to place for the best-kept secrets and latest up-dates for the tourist…Times Square may be the tourist hotspot of North America, but New York residents are the community members who live and breathe city life and make dedicated readers." *See* http://www.t2conline.com/contact, a copy of which is attached hereto as Exhibit E.

21. Via their Website, Defendants offer and provide advertising and promotional services to third parties for up to $1,000 per month or $10,000 per year. *See* http://t2conline.com/advertise-with-us/, a copy of which is attached hereto as Exhibit F.

22. Plaintiff is informed and believes that Defendants used Plaintiff's copyrighted works without his permission and published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

23. Defendants used the Images to promote Defendants' business.

24. On information and belief, Defendants knew that it did not possess any rights in the Images and that its use of the Images was unauthorized.

25. On information and belief, Defendants' use of the Images was deliberate and willful.

26. On information and belief, the Images remain available for viewing on Defendant's website, allowing for further downstream infringement and supporting Plaintiff's claim of willfulness.

27. On April 19, 2016, our firm mailed Defendants a letter which set out the basis of our claim.

28. On April 25, 2016, Defendant Bowling called into our firm, accused Mr. Sadowski of extortion, and refused to remove the photos from her website.

29. After several further exchanges, on November 4, 2016, Defendant Bowling invited our Firm to sue her, and demanded we cease and desist attempting to resolve this matter with her, at which point we began preparing the suit at bar.

30. Plaintiff did not consent to the use of his Images for commercial gain.

//

//

///

///

//

//

//

//

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT
### Title 17 of the United States Code

31.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.  Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

33.  Plaintiff is informed and believes and thereon alleges that said Defendants infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

34.  As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

35.  As a result of the Defendants' violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

//

36. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants

- Awarding Plaintiff actual damages pursuant to 17 U.S.C. § 504(b) or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: May 24, 2017                    Respectfully submitted,

/s/ Rayminh L. Ngo
Rayminh L. Ngo, Esq.
SDNY  #rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: May 24, 2017                    Respectfully submitted,

/s/ Rayminh L. Ngo
Rayminh L. Ngo, Esq.
SDNY  #rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff*